## Perry v. Manufacturers Light & Heat Company

*Barletta & Reeher*, for plaintiff.
*Robert L. Wallace*, for defendant.

LAMOREE, J., December 13, 1951.—This matter comes before the court on preliminary objections filed by defendant to plaintiffs' complaint in equity, wherein plaintiffs seek to restrain defendant from shutting off and interfering with the gas supply to plaintiffs' premises.

Plaintiffs are the owners of certain premises situate in Ellwood City, Lawrence County, Pa.

Defendant is a corporation engaged in the business of furnishing natural gas for industrial, commercial and domestic uses in the Borough of Ellwood City and licensed by the Public Utility Commission of the Commonwealth of Pennsylvania to so do.

Plaintiffs allege they remodeled a building on their premises and in the process removed all of the various gas fired heating units formerly used therein and replaced the units with one central gas fired unit sufficient to heat the entire building.

Plaintiffs then allege they received notice from defendant company on October 31, 1951, that all gas services to the premises would be discontinued within 10 days unless the additional equipment be disconnected.

Defendant's preliminary objections set forth: (1) That upon the facts averred plaintiffs have a full, complete and adequate remedy before the Public Utility Commission of the Commonwealth of Pennsylvania; (2) that the Public Utility Commission has exclusive jurisdiction to hear and determine matters such as are averred in the bill of complaint, and (3) that this court is without jurisdiction of the subject matter alleged in the bill of complaint.

Counsel for plaintiffs and defendant agreed that the hearing on the preliminary objections be heard before the sitting judge and waived their right to argument before the court en banc.

The Act of May 28, 1937, P. L. 1053, designated as the Public Utility Code, is controlling in the matter before the court. The title of the act recites, inter alia, that the act provides for the regulation of public utilities, and of the exercise, surrender or abandonment of their powers, privileges and franchises; for the regulation of practices; for the procedure before the commission and the procedure for review by the courts of

commission action and for regulations and orders of the commission.

Section 402 of the Act of 1937, P. L. 1053, under the heading "Discrimination in service", concludes as follows: "but nothing herein contained shall be deemed to prohibit the establishment of reasonable classifications of service". The matter of service classifications and the reasonableness thereof are matters originally to be passed upon by the Public Utility Commission.

Defendant is clearly a public service utility and is controlled by the provisions of the Act of 1937.

The question of jurisdiction raised by the preliminary objections can be determined from the provisions of the act. Section 901 of the Act of 1937, P. L. 1053, provides as follows:

"The commission shall have general administrative power and authority to supervise and regulate all public utilities doing business within this Commonwealth. The commission may make such regulations, not inconsistent with the law, as may be necessary or proper in the exercise of its powers or for the performance of its duties under this act."

Section 412 of the Act of 1937 reads:

"The commission may, after reasonable notice and hearing, upon its own motion or upon complaint, prescribe as to service and facilities, including the crossing of facilities, just and reasonable standards, classifications, regulations, and practices to be furnished, imposed, observed, and followed by any or all public utilities; prescribe adequate and reasonable standards for the measurement of quantity, quality, pressure, initial voltage, or other condition pertaining to the supply of the service of any and all public utilities; prescribe reasonable regulations for the examination and testing of such service, and for the measurement thereof; prescribe or approve reasonable rules, regu-

lations, specifications, and standards to secure the accuracy of all meters and appliances for measurement; and provide for the examination and testing of any and all appliances used for the measurement of any service of any public utility."

Section 413 of the act is also pertinent:

"Whenever the commission, after reasonable notice and hearing, upon its own motion or upon complaint, finds that the service or facilities of any public utility are unreasonable, unsafe, inadequate, insufficient, or unreasonably discriminatory, or otherwise in violation of this Act, the commission shall determine and prescribe, by regulation or order, the reasonable, safe, adequate, sufficient, service or facilities to be observed, furnished, enforced, or employed, including all such repairs, changes, alterations, extensions, substitutions, or improvements in facilities as shall be reasonably necessary and proper for the safety, accommodation, and convenience of the public, and shall fix the same by its order or regulation."

Section 902 of the Act of 1937 provides that the commission shall have full power and authority to enforce the provisions of the act and it is further charged with the duty of enforcing all and singular the provisions of the act, and the full intent thereof.

The Act of 1937 provides a full, complete and adequate remedy at law which may be pursued by plaintiffs. A court of equity, therefore, has no jurisdiction over the subject matter set forth in the bill of complaint and we are accordingly entering the following

### Order

Now, December 13, 1951, the bill of complaint is dismissed and the preliminary injunction is dissolved without prejudice to plaintiffs in their right to institute proceedings before the Public Utility Commission. Costs are to be paid by plaintiffs.